UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATURAL OFFSPRING ONE, a child under eighteen years of age, by his Natural Guardian Teresa Murphy,

                Plaintiff,

-against-

ORANGE COUNTY FAMILY COURT, et al.,,

                Defendants.

25-CV-239 (JGLC)

**ORDER OF REMAND**

---

JESSICA G. L. CLARKE, United States District Judge:

On January 10, 2025, Teresa Murphy filed a notice of removal seeking to remove a proceeding from Family Court, County of Orange, New York to this Court pursuant to 28 U.S.C. §§ 1331 and 1446. ECF No. 1 (the "Notice"). For the reasons set forth below, the action is remanded to the Family Court in Orange County, New York.

A defendant in a state court action may remove a matter to federal district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). To remove a state court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). If there is a procedural defect, a federal district court may remand an action to the state court *sua sponte* within 30 days of the filing of the notice of removal and may do so any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c);

*Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131–33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643–44 (2d Cir. 1993).

Here, the Notice has procedural defects. For instance, the Notice does not include a copy of the "initial pleading" below setting forth the claim for relief upon which the action or proceeding is based, and it does not include a "copy of all process, pleadings, and orders served." 28 U.S.C. § 1446(a). Without these documents, the Court lacks critical information, preventing it from determining whether the Notice is timely, among other things. Indeed, the Notice asks this Court to declare "all prior orders and proceedings from the Orange County Family Court void for lack of jurisdiction[.]" Notice at 3. However, it does not include any such orders or other documents from these proceedings.

The Notice similarly raises substantive issues. Murphy seeks removal because she alleges the relevant actors "acted in direct contravention of [her] constitutional rights as a natural guardian" through the state court proceedings. Notice at 2. But "a federal defense cannot serve as a basis for federal jurisdiction." *See Quinones v. Hudson*, No. 23-CV-1915 (LTS), 2023 WL 2479908, at *2 (S.D.N.Y. Mar. 13, 2023) (citing *Int'l Tin Council v. Amalgamet Inc.*, 645 F. Supp. 879, 881 (S.D.N.Y. 1986) and *Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 486 (2d Cir. 1998)). Murphy therefore has not satisfied her burden of demonstrating that the Court has federal question jurisdiction of this matter.

Moreover, the underlying state court matter appears to chiefly concern child custody. In *Ankenbrandt v. Richards*, the Supreme Court recognized a domestic relations "exception" to Congress's grant of diversity jurisdiction in 28 U.S.C. § 1332, holding that the exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." 504 U.S. 689, 704 (1992). This "exception" for diversity cases has also been recognized as an "abstention" doctrine in federal question cases. Under the domestic relations *abstention* doctrine, "[a] federal

2

court presented with matrimonial issues or issues on the verge of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *Zappin v. Comfort*, No. 23-7363, 2024 WL 5001624, at *2 (2d Cir. Dec. 6, 2024) (cleaned up) (citing *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)).

This matter appears to fit squarely within this doctrine, and the Court is not aware of any obstacles to a full and fair determination in the state court proceeding. District courts in this Circuit have routinely applied this abstention doctrine, and the Court does so here as well. *See Deem v. DiMella-Deem*, 941 F.3d 618, 625 n.1 (2d Cir. 2019) (collecting cases). Because of the presence of both procedural and substantive defects, the matter must be remanded.

Accordingly, IT IS HEREBY ORDERED this action is remanded under 28 U.S.C. § 1447(c) to the Family Court, Orange County. The Clerk of Court is directed to close this action. All pending matters are terminated as moot.

Dated:  January 28, 2025
        New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge